1  **KOSHKARYAN LAW GROUP, P.C.**
2  VAHAGN KOSHKARYAN (CA SBN 280127)
   MARSELIN S. KOSHKARYAN (CA SBN 289770)
3  13245 Riverside Drive, Suite 510
   Sherman Oaks, CA 91423
4  Telephone:   (818) 824-8800
5  Facsimile:    (818) 824-8050
   Emails:       vahagn@koshlaw.com
6                marselin@koshlaw.com

7  **SYNERGY LAW GROUP, INC.**
   MARY TERTEROV (CA SBN 283619)
8  16255 Ventura Boulevard, Suite 704
9  Encino, CA 91436
   Telephone:   (818) 849-540
10 Facsimile:    (818) 849-5383
11 Email:        mary.terterov@synergyattorneys.com

12 Attorneys for Plaintiffs,
   RONALD WESSON; LINDA R. BOHANON; PATRICIA A. CLARK; CAROLYN A.
13 WESSON; HAROLD WESSON; LARRY A. WESSON; and THEROLENE D. WESSON

14         **UNITED STATES DISTRICT COURT**

15         **CENTRAL DISTRICT OF CALIFORNIA**
16

| | |
|---|---|
| 17  RONALD WESSON, an individual and successor in interest to KERRY E. WESSON, deceased; LINDA R. BOHANON, an individual and successor in interest to KERRY E. WESSON, deceased; PATRICIA A. CLARK, an individual and successor in interest to KERRY E. WESSON, deceased; CAROLYN A. WESSON, an individual and successor in interest to KERRY E. WESSON, deceased; HAROLD WESSON, an individual and successor in interest to KERRY E. WESSON, deceased; LARRY A. WESSON, an individual and successor in interest to KERRY E. WESSON, deceased; and THEROLENE D. WESSON, an individual and successor in interest to KERRY E. WESSON, deceased, | Case No.: 2:15-cv-07169  **COMPLAINT FOR DAMAGES:**  1. **Survival Action: Violation of Civil Rights Under 42 U.S.C. § 1983**  2. **Wrongful Death: Violation of Civil Rights Under 42 U.S.C. § 1983**  3. **Survival Action: Violation of Civil Rights Under 42 U.S.C. § 1983, Pursuant to Monell**  4. **Wrongful Death: Violation of Civil Rights Under 42 U.S.C. § 1983, Pursuant to Monell**  5. **Survival Action: Violation of Cal. Civ. Code § 52.1**  6. **Survival Action: Assault**  7. **Survival Action: Battery**  8. **Survival Action: Willful Misconduct** |

Plaintiffs,

vs.

COUNTY OF LOS ANGELES, a municipal entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public agency; and DOES 1 through 100, inclusive,

Defendants.

**9. Wrongful Death: Willful Misconduct**
**10. Survival Action: Negligence**
**11. Wrongful Death: Negligence**
**12. Survival Action: Negligent Hiring, Training, Supervision, and Retention**
**13. Wrongful Death: Negligent Hiring, Training, Supervision, and Retention**

**DEMAND FOR JURY TRIAL**

Plaintiffs, RONALD WESSON, LINDA R. BOHANON, PATRICIA A. CLARK, CAROLYN A. WESSON, HAROLD WESSON, LARRY A. WESSON, and THEROLENE D. WESSON (hereinafter collectively "Plaintiffs"), hereby assert the following claims and causes of action against Defendants, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 1 through 100, inclusive (hereinafter collectively "Defendants"):

## **NATURE OF THE ACTION**

1. This is a civil action for the tragic personal injuries to and wrongful death of KERRY E. WESSON (hereinafter the "Decedent"), caused by Defendants on August 26, 2014, in the County of Los Angeles, State of California.

## **JURISDICTION**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1343(3) (civil rights).

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, in that the state law claims are integrally interrelated with Plaintiffs' federal claims and arise from a common nucleus of operative facts, such that the administration of Plaintiffs' state law claims with their federal claims furthers the interest of judicial economy.

4. This Court also has personal jurisdiction over the Defendants in that each Defendant is a citizen of and/or operates in the State of California.

///

1

## **VENUE**

2    5.    This District is a proper venue pursuant to 28 U.S.C. § 1391 because Plaintiffs'

3  claims herein arise out of an incident that occurred in the County of Los Angeles, State of

4  California, within this Judicial District.

5    6.    This District is further a proper venue because it has personal jurisdiction over

6  the Defendants in that each Defendant resides and/or operates in this Judicial District.

7

## **THE PARTIES**

8    7.    The Decedent, KERRY E. WESSON, was not married and had no children at

9  the time of his premature death.  Kerry E. Wesson is survived by his siblings and successors

10  in interest, Ronald Wesson, Linda R. Bohanon, Patricia A. Clark, Carolyn A. Wesson,

11  Harold Wesson, Larry A. Wesson, and Therolene D. Wesson.

12    8.    Plaintiff, RONALD WESSON, is, and at all relevant times has been, an

13  individual, and a resident of the County of Los Angeles, State of California.  He is the

14  brother of and successor in interest to the Decedent.

15    9.    Plaintiff, LINDA R. BOHANON, is, and at all relevant times has been, an

16  individual, and a resident of the County of Los Angeles, State of California.  She is the sister

17  of and successor in interest to the Decedent.

18    10.    Plaintiff, PATRICIA A. CLARK, is, and at all relevant times has been, an

19  individual, and a resident of the County of Los Angeles, State of California.  She is the sister

20  of and successor in interest to the Decedent.

21    11.    Plaintiff, CAROLYN A. WESSON, is, and at all relevant times has been, an

22  individual, and a resident of the County of Los Angeles, State of California.  She is the sister

23  of and successor in interest to the Decedent.

24    12.    Plaintiff, HAROLD WESSON, is, and at all relevant times has been, an

25  individual, and a resident of the County of San Bernardino, State of California.  He is the

26  brother of and successor in interest to the Decedent.

27  ///

28  ///

13.     Plaintiff, LARRY A. WESSON, is, and at all relevant times has been, an individual, and a resident of the County of Los Angeles, State of California.  He is the brother of and successor in interest to the Decedent.

14.     Plaintiff, THEROLENE D. WESSON, is, and at all relevant times has been, an individual, and a resident of the County of Los Angeles, State of California.  She is the sister of and successor in interest to the Decedent.

15.     Defendant, COUNTY OF LOS ANGELES, is, and at all relevant times has been, a municipal entity, operating pursuant to its Charter in the State of California.  It is not an arm of the State of California for Eleventh Amendment purposes.

16.     Defendant, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, is, and at all relevant times has been, a public agency, in the County of Los Angeles, State of California.  It is not an arm of the State of California for Eleventh Amendment purposes.

17.     Plaintiffs are ignorant of the true names and capacities of the Defendants sued in this Complaint as Does 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of the Doe Defendants when ascertained.  Plaintiffs are informed and believe, and based thereon allege, that each of the Doe Defendants is responsible in some manner for the occurrence, injury, and other damages alleged in this Complaint.

18.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant was in some manner responsible for the acts and damages alleged herein, and/or are indebted to Plaintiffs as alleged herein.  Plaintiffs are further informed and believe, and based thereon allege, that each Defendant participated in the acts alleged herein and that, in participating in such acts, each Defendant was the employee, agent, and/or co-conspirator of each other Defendant, and was acting in the course and scope of such employment, agency, and/or conspiracy.

///

///

///

## GENERAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

**A. Allegations Regarding Policy and Practice.**

19.     Plaintiffs are informed and believe, and based thereon allege, that Defendants with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of the Decedent, Plaintiffs, and all persons similarly situated – maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things:

a.   Subjecting citizens to unreasonable uses of force against their persons;

b.   Selecting, retaining, and assigning deputies with demonstrable propensities for excessive force, violence, and other misconduct;

c.   Failing to adequately train, supervise, and control deputies/officers in the arts of law enforcement, including, without limitation, the taking into custody of persons such as the Decedent, who are perhaps emotionally upset, but not otherwise engaged in criminal activity, without seriously injuring or killing them;

d.   Failing to adequately discipline deputies/officers involved in misconduct; and

e.   Condoning and encouraging deputies/officers in the belief that they can violate the rights of persons such as the Decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

20.     Plaintiffs are informed and believe, and based thereon allege, that Defendants ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of the Decedent and Plaintiffs.

///

///

**B.  Allegations Regarding the Death of the Decedent, Kerry E. Wesson.**

21.  On or about August 26, 2014, sometime in the early afternoon, around approximately 1:00 p.m., the Defendants, through Los Angeles County Sheriff's deputies, barricaded Decedent, Kerry E. Wesson, inside of his home, located at 12230 West Santa Fe Avenue, Apartment C, Lynwood, CA 90262.

22.  Around the same time as the barricade, Decedent's brother, Plaintiff Ronald Wesson, was driving out to visit him.  During the drive, Plaintiff Ronald Wesson received a call from the Decedent, informing him that he was barricaded inside his home by deputies and had been shot.  Plaintiff Ronald Wesson asked Decedent if Decedent would come out of his home once Plaintiff Ronald Wesson arrived, and Decedent replied that he would, but expressed severe concern that he did not think the herd of deputies outside would let Plaintiff Ronald Wesson near his home.  Decedent then told Plaintiff Ronald Wesson that he would call Plaintiff Ronald Wesson back in a couple of minutes.

23.  As news of the incident spread, several of the other Plaintiffs in addition to Plaintiff Ronald Wesson arrived at the scene, as well as Decedent's fiancé.  Once at the scene, Plaintiffs found armored vehicles and countless patrol vehicles present.

24.  Plaintiff Ronald Wesson informed the Defendants immediately that the Decedent was going to call him back soon.  The Defendants, however, confiscated all of the Decedent's family members' cell phones and refused to return them.

25.  The Plaintiffs and Decedent's fiancé had not been present at the scene very long, when the Defendants informed them that they had to leave.  Accordingly, the Defendants took Decedent's family to a nearby Sheriff's station.  At the station, the Plaintiffs were informed that the Defendants would attempt to get their brother out of the apartment "alive."  For hours, however, Plaintiffs nervously and worriedly remained at the station without any information as to what was occurring.

26.  In the interim, once Decedent's family had been taken away from the scene, the Defendants sent a battering ram to pull down the front metal door of the apartment. Thereafter, the Defendants sent in a robot to scope out the apartment.

27.     At some point in time after the robot was sent in, around approximately 4:30 p.m., the Decedent attempted to come out of his apartment and was immediately shot to death by the Defendants.  The cause of death was determined to be multiple gunshot wounds.

**C. Allegations Regarding Damages.**

28.     The Decedent sustained general damages, without limitation, including the loss of enjoyment of his life, in an amount in accordance with proof.

29.     Plaintiffs have lost Decedent's support, care, comfort, and society.  Plaintiffs have suffered, without limitation, severe and substantial emotional and financial harm, in amounts in accordance with proof.

30.     The conduct of the individual Defendants was willful, malicious, oppressive and in reckless disregard for the constitutional rights of the Decedent and Plaintiffs, thus justifying punitive damages against the individual Defendants in an amount in accordance with proof.

**D. Allegations Regarding Plaintiffs' Exhaustion of Administrative Remedies.**

31.     Plaintiffs timely filed administrative claims with the County of Los Angeles pursuant to Cal. Gov. Code § 910.  Their claims were denied on March 11, 2015, and the notices of denial were deposited in the mail on March 13, 2015.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Survival Action: Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**

**(By All Plaintiffs Against Defendants, Does 1 through 50)**

1.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

2.     The foregoing claim for relief arose in the Decedent's favor, and the Decedent would have been the Plaintiff with respect to this claim for relief had he lived.

3.     Plaintiffs are proper parties with standing as successors in interest of the Decedent to pursue this claim of the Decedent based on a violation of his rights.

4.      Defendants, Does 1 through 50, acting under the color of state law, deprived the Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those enumerated in and secured by the Fourth and Fourteenth Amendments to the Constitution by, among other things, subjecting the Decedent to excessive force.

5.      The Defendants' wrongful acts alleged herein above were a cause of the death of the Decedent.

6.      As a direct, legal, and proximate result of the foregoing wrongful acts of Defendants, and each of them, the Decedent sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof.

7.      In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the Constitutional rights of Decedent.  The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

8.      As further damage, Plaintiffs have and will incur attorneys' fees, and pursuant to 42 U.S.C. § 1988, are entitled to recover costs and fees in pursuing rights for a violation of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

### Wrongful Death: Violation of Civil Rights Under 42 U.S.C. § 1983

### (By All Plaintiffs Against Defendants, Does 1 through 50)

9.      Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

10.     Defendants, Does 1 through 50, acting under the color of state law, deprived the Plaintiffs of their right to a familial relationship without due process of law by Defendants' use of unjustified force, causing injuries, which resulted in the Decedent's

1    death, all without provocation, all in violation of rights, privileges, and immunities secured

2    by the First and Fourteenth Amendments to the United States Constitution.

3        11.    As a direct, legal, and proximate result of the foregoing wrongful acts of

4    Defendants, and each of them, Plaintiffs sustained general damages, including, but not

5    limited to, grief, emotional distress, pain and suffering, loss of comfort and society, as well

6    as special damages, including, but not limited to, loss of support, in an amount in accordance

7    with proof.

8        12.    In doing the foregoing wrongful acts, Defendants, and each of them, acted in

9    reckless and callous disregard for the Constitutional rights of Plaintiffs.  The wrongful acts,

10   and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the

11   award of punitive damages against each individual Defendant in an amount adequate to

12   punish the wrongdoers and deter future misconduct.

13       13.    As further damage, Plaintiffs have and will incur attorneys' fees, and pursuant

14   to 42 U.S.C. § 1988, are entitled to recover costs and fees in pursuing rights for a violation of

15   42 U.S.C. § 1983.

16                      **THIRD CAUSE OF ACTION**

17       **Survival Action: Violation of Civil Rights Pursuant to 42 U.S.C. § 1983,**

18                          **Pursuant to Monell**

19   **(By All Plaintiffs Against Defendants, County of Los Angeles; Los Angeles County**

20                 **Sheriff's Department; and Does 51 through 100)**

21       14.    Plaintiffs reallege and incorporate each and every allegation contained in the

22   paragraphs above with the same force and effect as if said allegations were fully set forth

23   herein.

24       15.    The foregoing claim for relief arose in the Decedent's favor, and the Decedent

25   would have been the Plaintiff with respect to this claim for relief had he lived.

26       16.    Plaintiffs are proper parties with standing as successors in interest of the

27   Decedent to pursue this claim of the Decedent based on a violation of his rights.

28   ///

17.   Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51 through 100, knowingly and with gross negligence, maintain and permit official policies and customs, which allow the occurrence of the types of wrongs set forth hereinabove, all in deliberate indifference to the Constitutional rights of citizens.

18.   These policies and customs include, but are not limited to, the deliberately indifferent training of its law enforcement deputies/officers related to the use of force, the contact with detainees in the field and the regard for the personal safety of a detainee or arrestee.  The Defendants' lack of training and deliberate indifference to individual rights places individuals in dangerous situations and causes the use of excessive and unnecessary force.  Further, the Defendants' ratification of police misconduct, along with the failure to conduct adequate investigations of misconduct, lead to the violations of the Decedent's and Plaintiffs' Constitutional rights.

19.   The Defendants' wrongful acts alleged herein above were a cause of the death of the Decedent.

20.   As a direct, legal, and proximate result of the foregoing wrongful acts of Defendants, and each of them, the Decedent sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof.

21.   Furthermore, in spite of Plaintiffs' filing of a claim with the County of Los Angeles, the Defendants failed to investigate, or take any action in preserving Plaintiffs' rights, or verify misconduct and discipline deputies/officers for the misconduct.

22.   Plaintiffs are informed and believe, and based thereon allege, that the customs and policies were the moving force behind the violations of Decedent's and Plaintiffs' rights. Based upon the principles set forth in *Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658, the Defendants are liable for all of the injuries sustained by Decedent and Plaintiffs as set forth above.

///

///

23.     As further damage, Plaintiffs have and will incur attorneys' fees, and pursuant to 42 U.S.C. § 1988, are entitled to recover costs and fees in pursuing rights for a violation of 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION

### Wrongful Death: Violation of Civil Rights Under 42 U.S.C. § 1983, Pursuant to Monell

### (By All Plaintiffs Against Defendants, County of Los Angeles; Los Angeles County Sheriff's Department; and Does 51 through 100)

24.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

25.     Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51 through 100, knowingly and with gross negligence, maintain and permit official policies and customs, which allow the occurrence of the types of wrongs set forth hereinabove, all in deliberate indifference to the Constitutional rights of citizens.

26.     These policies and customs include, but are not limited to, the deliberately indifferent training of its law enforcement deputies/officers related to the use of force, the contact with detainees in the field and the regard for the personal safety of a detainee or arrestee.  The Defendants' lack of training and deliberate indifference to individual rights places individuals in dangerous situations and causes the use of excessive and unnecessary force.  Further, the Defendants' ratification of police misconduct, along with the failure to conduct adequate investigations of misconduct, lead to the violations of the Decedent's and Plaintiffs' Constitutional rights.

27.     The Defendants' wrongful acts alleged herein above were a cause of the death of the Decedent.

28.     In spite of Plaintiffs' filing of a claim with the County of Los Angeles, the Defendants failed to investigate, or take any action in preserving Plaintiffs' rights, or verify misconduct and discipline deputies/officers for the misconduct.

1    29.    Plaintiffs are informed and believe, and based thereon allege, that the customs

2    and policies were the moving force behind the violations of Decedent's and Plaintiffs' rights.

3    Based upon the principles set forth in *Monell v. New York City Dept. of Social Services*

4    (1978) 436 U.S. 658, the Defendants are liable for all of the injuries sustained by Plaintiffs as

5    set forth above.

6    30.    As a direct, legal, and proximate result of the foregoing wrongful acts of

7    Defendants, and each of them, Plaintiffs sustained general damages, including, but not

8    limited to, grief, emotional distress, pain and suffering, loss of comfort and society, as well

9    as special damages, including, but not limited to, loss of support, in an amount in accordance

10   with proof.

11   31.    As further damage, Plaintiffs have and will incur attorneys' fees, and pursuant

12   to 42 U.S.C. § 1988, are entitled to recover costs and fees in pursuing rights for a violation of

13   42 U.S.C. § 1983.

14   **FIFTH CAUSE OF ACTION**

15   **Survival Action: Violation of Cal. Civ. Code § 52.1**

16   **(By All Plaintiffs Against All Defendants)**

17   32.    Plaintiffs reallege and incorporate each and every allegation contained in the

18   paragraphs above with the same force and effect as if said allegations were fully set forth

19   herein.

20   33.    Defendants, Does 1-50, acting within the scope of their duties for Defendants,

21   County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, shot and killed

22   Decedent.

23   34.    Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and

24   Does 51-100, are liable for the acts, omissions, and conduct of its employees, including

25   Defendants herein, whose conduct was a cause in the death of the Decedent, pursuant to

26   California *Government Code*, Section 815.2.

27   35.    The foregoing claim for relief arose in the Decedent's favor, and the Decedent

28   would have been the Plaintiff with respect to this claim for relief had he lived.

36.     Plaintiffs are proper parties with standing as successors in interest of the Decedent to pursue this claim of the Decedent based on a violation of his rights.

37.     The conduct of Defendants constituted interference by threats, intimidation, or coercion, or attempted interference, with the exercise of enjoyment by Decedent of rights secured by the Constitution and laws of the United States, and/or secured by the Constitution and laws of the State of California, including interference with Decedent's rights to be secure in his person and free from the use of excessive force under the United States Constitution, Amendment IV, California Constitution, Article I, Section 13, as well as California Civil Code, Section 43.

38.     As a direct cause of Defendants' conduct, the Decedent's rights pursuant to California *Civil Code*, Section 52.1 were violated, causing injuries and damages, in an amount in accordance with proof.

39.     As further damage, Plaintiffs have and will incur attorneys' fees, and pursuant to California *Civil Code*, Section 52.1 are entitled to recover said fees.

## SIXTH CAUSE OF ACTION

### Survival Action: Assault

### (By All Plaintiffs Against All Defendants)

40.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

41.     Defendants, Does 1-50, acting within the scope of their duties for Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, shot and killed Decedent.

42.     Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, are liable for the acts, omissions, and conduct of its employees, including Defendants herein, whose conduct was a cause in the death of the Decedent, pursuant to California *Government Code*, Section 815.2.

///

43.     The foregoing claim for relief arose in the Decedent's favor, and the Decedent would have been the Plaintiff with respect to this claim for relief had he lived.

44.     Plaintiffs are proper parties with standing as successors in interest of the Decedent to pursue this claim of the Decedent based on a violation of his rights.

45.     Defendants acted with the intent to create a reasonable apprehension of imminent harm that was harmful and/or offensive, thereby assaulting the Decedent and causing his death.

46.     As a direct and proximate cause of the aforementioned acts of Defendants, Decedent was injured as set forth above, causing damages, including compensatory and punitive damages, in an amount according to proof.

### SEVENTH CAUSE OF ACTION

**Survival Action: Battery**

**(By All Plaintiffs Against All Defendants)**

47.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

48.     Defendants, Does 1-50, acting within the scope of their duties for Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, shot and killed Decedent.

49.     Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, are liable for the acts, omissions, and conduct of its employees, including Defendants herein, whose conduct was a cause in the death of the Decedent, pursuant to California *Government Code*, Section 815.2.

50.     The foregoing claim for relief arose in the Decedent's favor, and the Decedent would have been the Plaintiff with respect to this claim for relief had he lived.

51.     Plaintiffs are proper parties with standing as successors in interest of the Decedent to pursue this claim of the Decedent based on a violation of his rights.

///

52.     Defendants intended to harm the Decedent, thereby battering him and causing his death.

53.     As a direct and proximate cause of the aforementioned acts of Defendants, Decedent was injured as set forth above, causing damages, including compensatory and punitive damages, in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### Survival Action: Willful Misconduct

### (By Plaintiffs Against all Defendants)

54.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

55.     Defendants, Does 1-50, acting within the scope of their duties for Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, shot and killed Decedent.

56.     Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, are liable for the acts, omissions, and conduct of its employees, including Defendants herein, whose conduct was a cause in the death of the Decedent, pursuant to California *Government Code*, Section 815.2.

57.     The foregoing claim for relief arose in the Decedent's favor, and the Decedent would have been the Plaintiff with respect to this claim for relief had he lived.

58.     Plaintiffs are proper parties with standing as successors in interest of the Decedent to pursue this claim of the Decedent based on a violation of his rights.

59.     Defendants intentionally acted with willful and wanton disregard in dealing with Decedent on August 26, 2014, in an unreasonable and dangerous manner, in that they knew or should have know of the high probable that harm would result to Decedent.

60.     As a direct and proximate cause of the aforementioned acts of Defendants, Decedent was injured as set forth above, causing damages, in an amount in accordance to proof.

## NINTH CAUSE OF ACTION

### Wrongful Death: Willful Misconduct

### (By Plaintiffs Against all Defendants)

61.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

62.     Defendants, Does 1-50, acting within the scope of their duties for Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, shot and killed Decedent.

63.     Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, are liable for the acts, omissions, and conduct of its employees, including Defendants herein, whose conduct was a cause in the death of the Decedent, pursuant to California *Government Code*, Section 815.2.

64.     Defendants intentionally acted with willful and wanton disregard in dealing with Decedent on August 26, 2014, in an unreasonable and dangerous manner, in that they knew or should have know of the high probable that harm would result to Decedent. Accordingly, Defendants' willful misconduct caused Decedent's death.

65.     Plaintiffs are proper parties with standing pursuant to California *Code of Civil Procedure*, Section 377.60, and hereby pursue their remedies for wrongful death against Defendants, and each of them, including pecuniary loss and other compensable injuries resulting from the loss of society, comfort, attention, services, and support of the Decedent.

66.     Decedent was a faithful and dutiful brother to Plaintiffs, and his loss has and will continue to cause great and severe damages to Plaintiffs, all in an amount in accordance with proof.

67.     As a further direct result of the Defendants' acts, omissions, negligent conduct, and/or reckless disregard for the safety of Decedent, Plaintiffs have incurred funeral and burial expenses in an amount in accordance with proof.

///

68.     As a further direct result of the Defendants' acts, omissions, negligent conduct, and/or reckless disregard for the safety of Decedent, Plaintiffs have incurred medical bills and other incidental costs and expenses, in an amount in accordance with proof.

**TENTH CAUSE OF ACTION**

**Survival Action: Negligence**

**(By All Plaintiffs Against All Defendants)**

69.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

70.     Defendants, Does 1-50, acting within the scope of their duties for Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, shot and killed Decedent.

71.     Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, are liable for the acts, omissions, and conduct of its employees, including Defendants herein, whose conduct was a cause in the death of the Decedent, pursuant to California *Government Code*, Section 815.2.

72.     The foregoing claim for relief arose in the Decedent's favor, and the Decedent would have been the Plaintiff with respect to this claim for relief had he lived.

73.     Plaintiffs are proper parties with standing as successors in interest of the Decedent to pursue this claim of the Decedent based on a violation of his rights.

74.     Defendants owed Decedent a duty of due care, and that duty was breached by Defendants' negligence and failure to exercise due care in dealing with the Decedent on August 26, 2014.

75.     As a direct and proximate cause of the aforementioned acts of Defendants, Decedent was injured as set forth above, causing damages, in an amount in accordance to proof.

///

///

## ELEVENTH CAUSE OF ACTION

### Wrongful Death: Negligence

### (By All Plaintiffs Against All Defendants)

76.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

77.     Defendants, Does 1-50, acting within the scope of their duties for Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, shot and killed Decedent.

78.     Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, are liable for the acts, omissions, and conduct of its employees, including Defendants herein, whose conduct was a cause in the death of the Decedent, pursuant to California *Government Code*, Section 815.2.

79.     Defendants owed Decedent a duty of due care, and that duty was breached by Defendants' negligence and failure to exercise due care in dealing with the Decedent on August 26, 2014.  Accordingly, Defendants' negligence caused Decedent's death.

80.     Plaintiffs are proper parties with standing pursuant to California *Code of Civil Procedure*, Section 377.60, and hereby pursue their remedies for wrongful death against Defendants, and each of them, including pecuniary loss and other compensable injuries resulting from the loss of society, comfort, attention, services, and support of the Decedent.

81.     Decedent was a faithful and dutiful brother to Plaintiffs, and his loss has and will continue to cause great and severe damages to Plaintiffs, all in an amount in accordance with proof.

82.     As a further direct result of the Defendants' acts, omissions, negligent conduct, and/or reckless disregard for the safety of Decedent, Plaintiffs have incurred funeral and burial expenses in an amount in accordance with proof.

///

///

1    83.    As a further direct result of the Defendants' acts, omissions, negligent conduct,

2    and/or reckless disregard for the safety of Decedent, Plaintiffs have incurred medical bills

3    and other incidental costs and expenses, in an amount in accordance with proof.

4    **TWELFTH CAUSE OF ACTION**

5    **Survival Action: Negligent Hiring, Training, Supervision, and/or Retention**

6    **(By All Plaintiffs Against Defendants, County of Los Angeles; Los Angeles County**

7    **Sheriff's Department; and Does 51 through 100)**

8    84.    Plaintiffs reallege and incorporate each and every allegation contained in the

9    paragraphs above with the same force and effect as if said allegations were fully set forth

10   herein.

11   85.    Defendants, Does 1-50, acting within the scope of their duties for Defendants,

12   County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, shot and killed

13   Decedent.

14   86.    Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and

15   Does 51-100, are liable for the acts, omissions, and conduct of its employees, including

16   Defendants herein, whose conduct was a cause in the death of the Decedent, pursuant to

17   California *Government Code*, Section 815.2.

18   87.    The foregoing claim for relief arose in the Decedent's favor, and the Decedent

19   would have been the Plaintiff with respect to this claim for relief had he lived.

20   88.    Plaintiffs are proper parties with standing as successors in interest of the

21   Decedent to pursue this claim of the Decedent based on a violation of his rights.

22   89.    Defendants owed a duty of care to all reasonably foreseeable people, including

23   Decedent.  Defendants breached their duties of care by failing to use reasonable care in

24   hiring, training, supervising, and/or retaining Does 1 through 50, who shot and killed

25   Decedent.  Defendants knew or should have known that Does 1 through 50 were

26   incompetent and unfit for their duties.

27   ///

28   ///

90.     As a direct and proximate cause of the aforementioned acts of Defendants, Decedent was injured as set forth above, causing damages, in an amount in accordance to proof.

## THIRTEENTH CAUSE OF ACTION

**Wrongful Death: Negligent Hiring, Training, Supervision, and/or Retention**

**(By All Plaintiffs Against Defendants, County of Los Angeles; Los Angeles County Sheriff's Department; and Does 51 through 100)**

1.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

2.     Defendants, Does 1-50, acting within the scope of their duties for Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, shot and killed Decedent.

3.     Defendants, County of Los Angeles, Los Angeles Sheriff's Department, and Does 51-100, are liable for the acts, omissions, and conduct of its employees, including Defendants herein, whose conduct was a cause in the death of the Decedent, pursuant to California *Government Code*, Section 815.2.

4.     Defendants owed a duty of care to all reasonably foreseeable people, including Decedent.  Defendants breached their duties of care by failing to use reasonable care in hiring, training, supervising, and/or retaining Does 1 through 50, who shot and killed Decedent.  Defendants knew or should have known that Does 1 through 50 were incompetent and unfit for their duties.  Defendants' negligence was a substantial factor in causing Decedent's death.

91.     Plaintiffs are proper parties with standing pursuant to California *Code of Civil Procedure*, Section 377.60, and hereby pursue their remedies for wrongful death against Defendants, and each of them, including pecuniary loss and other compensable injuries resulting from the loss of society, comfort, attention, services, and support of the Decedent.

///

92. Decedent was a faithful and dutiful brother to Plaintiffs, and his loss has and will continue to cause great and severe damages to Plaintiffs, all in an amount in accordance with proof.

93. As a further direct result of the Defendants' acts, omissions, negligent conduct, and/or reckless disregard for the safety of Decedent, Plaintiffs have incurred funeral and burial expenses in an amount in accordance with proof.

94. As a further direct result of the Defendants' acts, omissions, negligent conduct, and/or reckless disregard for the safety of Decedent, Plaintiffs have incurred medical bills and other incidental costs and expenses, in an amount in accordance with proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

5. For general damages in an amount according to proof;

6. For special damages in an amount according to proof;

7. For punitive damages against the individual Defendants in their individual capacities, in an amount according to proof;

8. For costs of suit incurred herein;

9. For reasonable attorneys' fees incurred herein, as provided by law;

10. For such other and further relief as the Court may deem just and proper.

Dated: September 9, 2015

**KOSHKARYAN LAW GROUP, P.C.**
**SYNERGY LAW GROUP, INC.**


By: _____
MARSELIN S. KOSHKARYAN
Attorneys for Plaintiffs,
RONALD WESSON; LINDA R.
BOHANON; PATRICIA A. CLARK;
CAROLYN A. WESSON; HAROLD
WESSON; LARRY A. WESSON; and
THEROLENE D. WESSON

1

## **DEMAND FOR JURY TRIAL**

2

       Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby

3

request a trial by jury on all issues triable by a jury in this action.

4

5

 Dated: September 9, 2015

                   **KOSHKARYAN LAW GROUP, P.C.**
                   **SYNERGY LAW GROUP, INC.**

6

7

8

         By: _____

9

              MARSELIN S. KOSHKARYAN
              Attorneys for Plaintiffs,

10

              RONALD WESSON; LINDA R.
              BOHANON; PATRICIA A. CLARK;

11

              CAROLYN A. WESSON; HAROLD
              WESSON; LARRY A. WESSON; and

12

              THEROLENE D. WESSON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28